# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **NAKEEMA S. STRINGFELLOW** | **CASE NO. 3:19-CV-00190** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PAMELA HENDERSON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for appointment of counsel [doc. # 2] filed by plaintiff pro se Nakeema Stringfellow. For reasons that follow, it is recommended that plaintiff's complaint be dismissed, without prejudice, for lack of subject matter jurisdiction. It is further ordered that plaintiff's motion for appointment of counsel is DENIED.

## Background

On September 12, 2018, Nakeema Stringfellow, acting pro se, filed a prior suit against the Louisiana Department of Children and Family Services ("DCFS") on a court-supplied form entitled, "Complaint Under Section 706(f) of the Civil Rights Act of 1964."[1] *See Stringfellow v. Department of Children and Family Services*, No. 18-1212 (W.D. La.) ("*Stringfellow I*"). The thrust of plaintiff's prior suit was that in October 2015, Mavis Stringfellow, the grandmother of plaintiff's three children, F.S., M.S., and J.S., filed a complaint with DCFS that apparently resulted in DCFS's removal of plaintiff's three children from her home. According to the complaint in *Stringfellow I*, Mavis Stringfellow served as "caretaker" for the children for over one year, and then Natasha Stringfellow tried to care for them. Plaintiff later was notified by social worker, Kierra Richardson, and her supervisor, Pamela Henderson,

---

[1] Section 706(f) of the Civil Rights Act, also known as Title VII, prohibits unlawful discrimination by *employers* against their *employees*.

that her children had been placed in a shelter and other foster care. Stringfellow further alleged that in June 2017, her visits with her children inexplicably ceased.[2]

On January 30, 2019, this court dismissed *Stringfellow I* for lack of subject matter jurisdiction. *See Stringfellow I*. In so doing, the court determined that diversity jurisdiction was absent and there was no colorable federal question presented by plaintiff's complaint. *Id.*

Undeterred, plaintiff filed the instant pro se complaint on February 14, 2019, in which she again complained about her children being taken away. *See* Compl. [doc. # 1]. Moreover, she conceded that she had "filed a similar complaint for civil case recently. Some of the same things still apply. Still trying to get Grant [sic] relief for my 3 children to return home. Lawsuit filed employers [sic] still refuses to cooperate with the case plan procedures for case closure." *Id.* Moreover, with one exception, Shalonda Ellis – a current "social worker/foster care taker," all of the other defendants in this suit also were in *Stringfellow I*: Pamela Harrison, Kiera Richardson, Mavis Stringfellow, and the DCFS.[3] In conjunction with her complaint, plaintiff filed a motion for appointment of counsel. [doc. # 2].

### Discussion

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923,

---

[2] However, Stringfellow attached to her complaint a partial copy of a May 30, 2017, court order, entitled, "Judgment of Termination of Parental Rights and Certification of Child for Adoption," which ordered, *inter alia*, that the parental rights of Nakeema Stringfellow, as to F.S., M.S., and J.S., be "irrevocably dissolved and terminated . . ." *See In Re: F.S., M.S., and J.S.*, Docket No. 2015-J00135 (Monroe City Court), *Stringfellow I* [doc. 1-2, pgs. 4-5]. The order found clear and convincing evidence that the children could not be safely returned to the mother and father(s) as they had failed to substantially comply with court approved case plans. *Id.* The judgment was entered following a hearing which Stringfellow attended, represented by counsel. *Id.*

[3] The DCFS was not listed as a defendant in the body of the complaint, but was included as a defendant in the caption.

925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. Upon review, it is manifest that the same deficiencies that thwarted jurisdiction in *Stringfellow I*, continue to plague the current iteration of plaintiff's cause of action. First, the DCFS's presence in the suit precludes the exercise of diversity jurisdiction.[4] Second, the court does not discern a colorable federal question on the face of plaintiff's complaint.[5] In the

---

[4] A state, and an agency that is an alter ego or arm of the state, is not a citizen for purposes of diversity jurisdiction. *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 350 (M.D. La. 2015) (citations omitted). DCFS is an alter ego or arm of the State of Louisiana, and therefore, is not a citizen. *See Peter-Takang v. Sonnier*, 663 Fed. Appx. 315, 318 (5th Cir. 2016) (citations omitted) (according sovereign immunity to DCFS).

[5] Plaintiff did not invoke § 1983; thus, any unarticulated constitutional claims are subject to

absence of a colorable claim "arising under" the Constitution or laws of the United States against the defendants, the court lacks jurisdiction to entertain plaintiff's cause of action against them. The court adopts and incorporates herein the additional reasoning set forth in *Stringfellow I*.

The undersigned recognizes that "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 568 Fed. Appx. 283 (5th Cir. 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998)). Here, however, the instant complaint simply rehashes plaintiff's prior suit, which she amended more than once before dismissal. *See Stringfellow, supra*. Therefore, at this point, further amendment would prove futile.

The court further observes that it enjoys the inherent authority to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed. App'x 288, 290-91 (5th Cir. 2012). The court cautions plaintiff that if she continues to re-file this same suit in the absence of federal subject matter jurisdiction, then the court may impose appropriate monetary and/or injunctive sanctions against her.

## Conclusion

In the absence of any cognizable basis for the exercise of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3). Accordingly,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED, WITHOUT PREJUDICE, in its entirety, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel [doc. # 2] is DENIED, as moot.

---

dismissal. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir. 2003).

4

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of May 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE